IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VISUAL MEMORY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:15-cv-789-RGA |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| NVIDIA CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## FIRST AMENDED COMPLAINT

For its Complaint, Plaintiff Visual Memory LLC ("Visual Memory"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Visual Memory is a Delaware limited liability company with a place of business located in Dallas, Texas.

2. Defendant NVIDIA Corporation is a Delaware corporation with, upon information and belief, a place of business located in Santa Clara, California.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

**THE PATENT-IN-SUIT**

7. On September 14, 1999, United States Patent No. 5,953,740 (the "'740 patent"), entitled "Computer Memory System Having Programmable Operational Characteristics Based On Characteristics Of A Central Processor," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '740 patent is attached hereto as Exhibit A.

8. Visual Memory is the assignee and owner of the right, title and interest in and to the '740 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,953,740**

9. Visual Memory repeats and realleges the allegations of paragraphs 1 through 8 as if fully set forth herein.

10. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant is liable for infringement of the '740 patent by making, using, importing, offering for sale, and/or selling memory storage systems, including, but not limited to graphics cards and products based on Kepler architecture, such as, but without limitation, Kepler – powered GeForce GPUs, covered by one or more claims of the '740 patent.

11. Visual Memory's initial complaint was filed on September 8, 2015.

12. Defendant was served the initial complaint on September 9, 2015.

13. Thus, Defendant has been on notice of the '740 patent since, at the latest, the date it was served the Complaint.

14. Defendant's customers' and end-users' use of Defendant's products that use memory storage systems, including, but not limited to graphics cards and products based on

Kepler architecture, such as, but without limitation, Kepler – powered GeForce GPUs, that is facilitated by the use of a high performance memory architecture that includes a cache where the type of data that the cache stores is determined by a programmable operational characteristic of the computer system patented under the '740 patent. Thus, Defendant's customers and end-users are able to use and benefit from a high performance memory system that is efficiently operable with different types of host processors when using such memory storage systems. In Kepler – powered GeForce GPUs, Defendant's customers and end-users are able to use or install such GPUs with different types of processors without significantly compromising their individual performance.

15. On information and belief, in order to generate profits and revenues, Defendant markets and promotes, e.g., through its website and sales personnel, the use of its products that infringe the '740 patent when used as intended by Defendant's customers and end-users. Defendant's customers and end-users use such products (including, e.g., Defendant's memory storage systems). Defendant further instructs its customers and end-users how to use such products in a manner that infringe the '740 patent (e.g., through on-line technical documentation, instructions, and technical support). Defendant further instructs its customers and end-users to infringe the '740 patent through the products themselves, e.g., through on-line instructions.

16. In particular, Defendant instructs its customers and end-users through at least on-line support instructions and documentation over the Internet how to install or build a computer system that includes Kepler – powered GeForce GPUs.

17. Defendant still further makes such products accessible to its customers and end-users via the Internet, thus enabling and encouraging its customers and end-users to use

such products to infringe the '740 patent.

18. As such, on information and belief, despite the information Defendant obtained from the original complaint in this action, Defendant continues to specifically intend for and encourage its customers and end-users to use its products in a manner that infringe the claims of the '740 patent.

19. Visual Memory is entitled to recover from Defendant the damages sustained by Visual Memory as a result of Defendant's infringement of the '740 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Visual Memory hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Visual Memory requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '740 patent;

B. A judgment that Defendant has induced infringement of the '740 patent;

C. An award of damages to be paid by Defendant adequate to compensate Visual Memory for Defendant's infringement of the '740 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Visual Memory's reasonable attorneys' fees; and

E. An award to Visual Memory of such further relief at law or in equity as the Court deems just and proper.

Dated: December 8, 2015

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*

Stamatios Stamoulis #4606
Richard C. Weinblatt #5080
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff*
*Visual Memory LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2015, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt #5080